Filed 12/17/15  P. v. Smith CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM JOSEPH SMITH,<br><br>    Defendant and Appellant. | E063324<br><br>(Super.Ct.No. FSB1500475)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Annemarie G. Pace, Judge.  Affirmed.

Marianne Harguindeguy, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a negotiated plea agreement, defendant and appellant William Joseph Smith pled no contest to unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a); count 3) and assault with means likely to produce great bodily injury (Pen.

1

Code, § 245, subd. (a)(4); count 4). Defendant also admitted that he had suffered a prior conviction for unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (e)). In return, the remaining charges and enhancement allegations were dismissed and defendant was sentenced to a stipulated term of four years in state prison with credit for time served. Defendant appeals from the judgment based on ineffective assistance of counsel.(IAC) We find no error and affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND[1]

On February 5, 2015, San Bernardino Police Officer R. Schuelke was told to be on the lookout for a silver Hyundai Accent GL with a California license plate number 4SAG599 by San Bernardino Police Department narcotics officers. While patrolling the North East District of the city of San Bernardino in a marked police car, Officer Schuelke saw the subject vehicle and, after running the license plate, noticed the vehicle was listed as " 'Stolen.' "

Officer Schuelke initiated a traffic stop on the vehicle; however, the vehicle fled. Following a short pursuit, the vehicle stopped, and the driver, later identified as defendant, fled on foot. Officer Schuelke stopped his vehicle and pursued defendant on foot. During the chase, defendant threw a "large heavy[]metal stand" approximately six feet in height and 30 pounds in weight at Officer Schuelke. Officer Schuelke attempted to block the stand with his right arm but the stand struck Officer Schuelke in the

---

[1] The factual background is taken from the police report.

forehead, resulting in a laceration on his forehead and abrasions on his right forearm and wrist. With the assistance of another officer, defendant was eventually apprehended and arrested.

After defendant waived his constitutional rights, defendant admitted that he had taken the vehicle without permission from the owner and that he had fled from Officer Schuelke. A search of the vehicle revealed a shaved hacksaw blade shaped like a vehicle key on the driver's seat of the vehicle.

On February 9, 2015, a felony complaint was filed charging defendant with assault upon a peace officer (Pen. Code, § 245, subd. (c); count 1); resisting an executive officer (Pen. Code, § 69; count 2); and unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a); count 3). As to count 3, the complaint further alleged that defendant had suffered two prior vehicle theft convictions (Veh. Code, § 10851, subds. (a) & (e)). At a pre-preliminary hearing on February 19, 2015, the People amended the complaint to include count 4, assault by means likely to cause great bodily injury, a felony, in violation of Penal Code section 245, subdivision (a)(4).

On that same date, defendant thereafter entered into a negotiated plea agreement with the People. He pled no contest to counts 3 and 4 (as a non-strike offense) and admitted a prior vehicle theft conviction in exchange for a stipulated term of four years in state prison and dismissal of the remaining charges and enhancement allegations. As part of the plea, defendant waived his right to appeal. After directly examining defendant, the trial court found that defendant had read and understood his plea form; that defendant

3

understood the nature of the charges and the consequences of the plea; that the plea was entered into voluntarily, knowingly, freely, and intelligently; that defendant waived each of his constitutional rights; and that there was a factual basis for the plea. Defendant was thereafter immediately sentenced in accordance with his plea agreement and awarded 28 days presentence credit for time served.

On April 8, 2015, defendant filed a notice of appeal and request for certificate of probable cause based on IAC. Defendant claimed that he took the plea agreement on the basis the assault offense was not a strike, but he believed his attorney circled the plea form noting the offense to be a strike. On April 10, 2015, the trial court denied defendant's request for certificate of probable cause, noting the assault offense "is not a strike."

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

4

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

McKINSTER
J.

5